## TEXAS & N. O. R. CO. v. MIDDLEBROOK. (No. 728.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 17, 1921.)

1. Justices of the peace ⟪⇒⟫167(4)—Court's promise that testimony given by absent witness in the justice court might be reproduced, where based upon assumption that all parties agreed thereto, did not render testimony admissible as against defendant who did not agree.

Court's promise that testimony of absent witness of one of the defendants given upon the trial in the justice court might be used as the testimony of witness upon the trial in the county court did not render such testimony admissible as against objections of other defendants, who had notified such defendant that they would object to the introduction of such evidence, where court's promise was based upon the assumption that it was agreed by all the parties interested in the evidence that it might be so introduced.

⟪⇒⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. **Justices of the peace ⊜⟹167(4)—Testimony given by absent witness in justice court held inadmissible.**

Where plaintiff agreed, when case was reached for trial, that the testimony given by absent witness of one of the defendants in the justice court might be reproduced during the trial in the county court, but other defendants stated that they would object to the introduction of such testimony upon the trial, the testimony, when introduced during the trial, was not admissible as against such other defendants on their objection thereto.

Appeal from Nacogdoches County Court; J. M. Marshall, Judge.

Action by Affie A. Middlebrook against the Texas & New Orleans Railroad Company and others. Judgment for plaintiff against named defendant, and named defendant appeals. Affirmed.

Russell & Seale, of Nacogdoches, Garrison, Pollard, Morris & Berry and Baker, Botts, Parker & Garwood, all of Houston, for appellant.

V. E. Middlebrook, of Nacogdoches, for appellee.

HIGHTOWER, J. We take from appellant's brief the following statement showing the nature and result of this suit:

"Affie A. Middlebrook brought this action against the Texas & New Orleans Railroad Company, the Union Terminal Company, the Dallas Transfer Company, and the Electric Express Company, to recover the value of certain articles of clothing which were lost in a suit case which had been placed in charge of defendants as common carriers. Trial was had before a jury, resulting in a judgment for the plaintiff against defendant Texas & New Orleans Railroad Company for the full amount sued for."

When the case was reached for trial, the Electric Express & Baggage Company, one of the defendants, moved for a continuance on account of the absence of witnesses. The Texas & New Orleans Railroad Company did not ask for a continuance, but stated that it would be ready for trial, as it expected to have its absent witness, R. L. Campbell, present in time to testify, and stated to the court that the attorneys for the plaintiff had agreed that the testimony of the witness Campbell as had been given upon the trial in the justice court might be reproduced for the railroad company and used as the testimony of the witness Campbell upon the trial.

The attorneys for the Dallas Transfer Company and Electric Express & Baggage Company then and there stated in open court that their clients would not agree to such reproduction of the testimony of the witness Campbell, and would not agree that any portion of his testimony taken in the justice court might be used upon the trial, but, on the other hand, said attorneys stated that they expected favorable testimony on cross-examination from the witness Campbell, if he should be present, and would reserve their right to use such testimony. Thereupon the case proceeded to trial, and upon trial the attorneys for the appellant here, Texas & New Orleans Railroad Company, offered to introduce in evidence the testimony that had been given by the witness R. L. Campbell on the trial in the justice court, and this was agreed to by attorneys for the plaintiff, but the attorneys for the other defendants interposed their objections, and the testimony was excluded and appellant excepted.

[1, 2] It is not insisted by appellant that this testimony sought to be introduced by it was admissible, under any rule of evidence, but it is their contention, first, that the court promised them that the testimony would be admitted; and, second, that the defendants objecting to its introduction were estopped because they did not urge their objections at the time the agreement for the reproduction of the testimony was made. There is nothing in either of the contentions of appellant. The trial court, in qualifying the bill of exceptions, states, substantially, that his promise to permit the introduction of this testimony was based upon the assumption that it was agreed by all the parties interested in the evidence that it might be introduced, but that as a matter of fact, as shown by the bill, the attorneys for appellant, as well as the attorneys for the plaintiff, were apprised at the very time that this matter was mentioned to the court that the evidence in the form offered would be objected to at the proper time. The only assignment of error challenges the action of the trial judge in refusing to permit this testimony, after proper legal objection was made thereto. The testimony being not admissible as against the defendants objecting thereto, and the record refuting the contention that the attorneys making the objections, or their clients, did anything to estop them, appellant's assignment of error must be overruled, and the judgment affirmed; and it will be so ordered.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes